ACCEPTED
03-13-00726-CR
6905196
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/14/2015 11:03:02 AM
JEFFREY D. KYLE
CLERK

03-13-00726-CR

## THE COURT OF APPEALS

For the Third District at Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/14/2015 11:03:02 AM

JEFFREY D. KYLE
Clerk

State of Texas Vs. Garet Jonson

## APPELLANT'S MOTION FOR REHEARING AND REHEARING EN BANC

On Appeal from an order denying relief on an Application for Writ of Habeas
Corpus from the County Court at Law Number 6
C-1-CR 06-723225

Adam T. Reposa
SBN 24040163
1106 San Antonio
Austin, Texas 78701
Tel: (512) 476-0444
Fax: (512) 478-1114
Attorney for Defendant

## STATEMENT OF THE CASE

This is a motion for rehearing of an appeal of an order denying relief in an Application for Writ of Habeas Corpus in, the State of Texas vs. Garet Johnson, C-1-CR 06-723225

The factual finding of the trial court is in no way supported by, or even *relevant* to, the facts in the record relied upon by this court in affirming the denial. It is for this reason that Appellant files this motion for rehearing. Further, Counsel for Appellant is unable to advise Appellant as to whether unintentional misunderstanding or intentional ignorance is afoot regarding the utter missing of the basic point of this writ. Counsel for Appellant can only hope that it is an honest mistake, however he knows that the first opinion entered in this case is clearly mistaken.

## ISSUES PRESENTED FOR RELIEF

The controverted fact for which the hearing was originally convened to decide was whether Appellant was erroneously advised of the terms of a plea bargain that covered two charges. Appellant asserted that he was intentionally misadvised by his lawyer that he had to waive his right to jury trial on a DWI charge and agree to plead guilty in exchange for having a State Jail Felony POCS reduced to a misdemeanor Attempted POCS.

The trial court, after a year and the filing of a writ of mandamus, made the fact finding that the misrepresentation was never made, as well as a finding on a fact on a matter that was never in dispute. The indisputed fact was that agreeing to waiving jury trial rights was never required under the plea agreement.

This Court found that trial court did not abuse its discretion. In the analysis this Court mentions facts which support the trial courts finding. However the facts mentioned to support the trial court's finding at best have no relevance. At worst, they are the same facts relied upon by the Applicant in his writ of habeas corpus.

Appellant was required to show that waiving jury and pleading guilty to the DWI was never part of the overall plea agreement. Somehow, by proving that fact through live testimony at a hearing, this Court concluded that Counsel never misrepresented that it was part of the overall plea agreement. It is this insultingly absurd conclusion that Appellant in the name of basic integrity asks this Court to reconsider en banc.

Specifically, Appellant testified that his lawyer intentionally misrepresented that the felony prosecutor wanted him to agree to waive his right to jury trial and plead guilty to DWI as a term in a plea bargain that would reduce a felony POCS charge to a misdemeanor. Essentially, Appellant testified his lawyer told him he had to give up his Constitutional rights when He didn't have to.

Understood logically, for Appellant to meet his burden and prevail on his writ of habeas corpus, he has to show that waiving his right to jury trial on the DWI was not part of the plea bargain, and that his lawyer told him it was. The Court's opinion that holds that the fact that waiving jury was never part of the plea bargain shows that the lawyer never said that it was, or at least supports the trial court finding on appeal. Counsel for Appellant can not advise Appellant about whether the logic of this Court's reasoning is an accident, or a message about the regard for the Constitutional rights of Appellant held by this Court.

## ARGUMENT

The record makes clear that Appellant made a claim that he was duped by his lawyer into waiving his right to trial in a writ of habeas corpus. This Court *obviously* understood this to be Appellant's claim. The opinion also reduces the issue this way.

> "He asserted that his trial counsel misrepresented information to him about the plea agreements she negotiated on his behalf. He claims that his trial counsel had advised him that in order to accept the plea bargain reducing the felony drug possession to the lesser charge of attempted possession of a controlled substance he was required to plead to the driving while intoxicated charge." *Johnson v. State*, (Tex. App. Austin 2015)

This Court goes on to say,

> "Appellant claims that his trial counsel tricked him into entering a plea to the driving while intoxicated charge as a prerequisite to reducing the possession of a controlled substance charge from a felony to a misdemeanor." *Johnson v. State*, (Tex. App. Austin 2015)

So the argument is so simple it can be broken down into a syllogism:

P1:    Garet Johnson was told by his lawyer he was required to waive jury on his DWI charge

P2:    Garet Johnson was not actually required to waive jury on his DWI charge

Conclusion:    Jury waiver was not legally effective, (not a true term of the plea bargain).

This Court makes a less elegant argument.

P2:    Garet Johnson was not actually required to waive jury on his DWI charge

Conclusion:    Garet Johnson was never told by his lawyer that he was required to waive jury on his DWI charge

This argument makes no sense.    There is no law or principle that supports the argument that a lawyer "couldn't lie to his client".    In fact it is the reputation of lawyers that they are liars.    The logic of this Court's opinion not only fails to follow logic, the arguments and its suppositions fly in the face of the human experiences and the reputation of the legal profession.

This Court then discusses the lawyer's testimony and relies on three facts.    First, the lawyers career and professional experience is established.

> "Appellant's trial counsel testified at the habeas hearing that throughout her 17-year career as a criminal defense attorney she has handled roughly 2500 cases." _Johnson v. State_,  (Tex. App. Austin 2015)

Again, one can only assume that lawyers are more likely to lie to their client's after years of experience, _or,_ the first day on the job.    There is nothing about that particular fact that suggests that the lawyer never made the representation or that the trial court did not abuse its discretion when it made findings of fact.

The second fact is a partial repetition of the first fact along with a conclusory denial.

> "She indicated that this was not her first time advising a client about the details of a plea agreement and she correctly advised appellant of his options in this case." _Johnson v. State_,  (Tex. App. Austin 2015)

The fact that a lawyer has handled thousands of cases over many years does not make them more or less likely to lie to their clients.    Further just saying that your actions were correct does not prove that they are or there would be no need for the hearing.    The contested fact was whether counsel misrepresented to Appellant the terms of the plea bargain and if all that is required to sustain a finding of fact is coming to court and asserting that you didn't err, then the hearing is needless and perfunctory.

Further, a less cursory inspection of the testimony reveals important facts that support the finding that the trial court did abuse it's discretion.    Counsel testified to numerous recollections about her interactions with judges and lawyers, but had no recollections about advising her client about his DWI charge.    Barbara Rowan testified that Counsel never even asked the prosecutor to watch the video of the DWI arrest of Appellant.

The lack of representation afforded Appellant in his DWI charge is only rivaled by the lack of scholarship afforded Appellant in review of his claims on appeal.    Appellant asks this Court to

review en banc the strong assertions made by this motion, and if a modicum of scrutiny is applied, there is no doubt that judicial integrity or embarrassment will move this Court to withdraw the opinion previously entered in this cause.

## PRAYER

Appellant prays that this Court rehear the appeal en banc, find that the trial Court abused its discretion and grant such other and further relief to which he may be justly entitled.

Respectfully submitted,

Adam T. King Blackwell Reposa
SBN 24040163
1106 San Antonio
Austin, Texas 78701
Tel: (512) 476-0444
Fax: (512) 478-1114

By:_____
Adam T. King Blackwell Reposa

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the Travis County Attorney's Office via Hand Delivery on this, the 14th day of September, 2015.

By:_____
Adam T. King Blackwell Reposa
Attorney for Garet Johnson

## CERTIFICATE OF COMPLIANCCE

I prepared this document with Microsoft Office Word and the word count is 1,481

_____
Adam T. King Blackwell Reposa
Attorney for Garet Johnson